IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LANSANA MANSARAY,<br><br>             Plaintiff,<br><br>vs.<br><br>KEVIN DALY, et al.,<br><br>             Defendants, | 1:25-CV-00020-SPB<br><br>SUSAN PARADISE BAXTER<br>United States District Judge |

**MEMORANDUM OPINION**

**I.    Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff Lansana Mansaray has filed a motion seeking leave to proceed *in forma pauperis*, ECF No. 1, along with a proposed *pro se* complaint, ECF No. 1-1. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* will be granted.

**II.    Standard of Review**

When a plaintiff is proceeding *in forma pauperis*, the court must review the complaint for cognizable claims and *sua sponte* dismiss the action or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of the case "at any time").[1] In addition, a court may consider the statute of limitations, personal

---

[1] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff"). But while courts construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551

1

jurisdiction, and venue *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *Boldrini v. Ammerman*, 629 F. App'x 172, 175 n.3 (3d Cir. 2015) (same); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) ("when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, dismissal of a claim as frivolous is proper "where it depends on an indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (internal quotations and citation omitted). A complaint is malicious when it "duplicates a pending suit," *Johnson v. City of Philadelphia*, 644 F. App'x 130, 131 (3d Cir. 2016) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff")), or when "the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating that "malicious" in the context of §§ 1915(e) and 1915A(b) "is more usefully construed as intended to harass"). Whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B) is governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Under this familiar standard, a court must determine whether the complaint includes "sufficient factual matter, accepted as true,

---

U.S. 89, 94 (2007), "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

### III.    Discussion and Review of Plaintiff's Filings

Plaintiff brings this civil rights action against three defendants: Kevin Daly, an officer with the Oil City Police Department; Justin Fleeger, a District Attorney with Venango County; and Jeri Bolton, Plaintiff's criminal defense attorney. ECF No. 1-1, p. 2.[2] According to his pleading, Officer Daly arrested Plaintiff on August 23, 2016, in Venango County for two counts of endangering welfare to children. ECF No. 1-1, p. 3; ECF No. 1-4. Plaintiff claims Daly used falsified evidence in the form of a "fraudulent" New York driver's license attached to the criminal complaint in order to "justify the wrongful arrest and subsequent conviction." ECF No. 1-1, p. 3. Plaintiff plead guilty on December 28, 2016,[3] and states he served 150 days in Venango County Jail. *Id.*, p. 4. He explains that upon completing his sentence, he was detained by United States Immigration and Customs Enforcement, and was deported on April 27, 2017. *Id.*; *see* ECF No. 1-5. According to Plaintiff, the Board of Immigration Appeals cited his conviction as the basis for his deportation. ECF No. 1-1, p. 5.

The complaint asserts multiple constitutional violations: Plaintiff alleges Daly arrested him without probable cause, committed perjury, and introduced falsified evidence, violating Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments. ECF No. 1-1, pp. 2–3. He alleges Fleeger violated his Fifth, Sixth, and Fourteenth Amendment rights by introducing falsified evidence and withholding exculpatory evidence. *Id.* Plaintiff further alleges he was denied his

---

[2] Plaintiff sues Daly and Fleeger in their individual and official capacities, and Bolton solely in her individual capacity. ECF No. 1-1, p. 2.

[3] The Court takes judicial notice of the criminal docket sheet for Plaintiff's case in the Court of Common Pleas of Venango County, CP-61-CR-0000594-2016.

Sixth Amendment right to effective assistance of counsel because Bolton failed to inform him of the immigration consequences of his plea. *Id.*, pp. 2–4. He contends Daly's and Fleeger's actions "amounted to a conspiracy to violate [his] constitutional rights," and caused his "wrongful conviction and deportation." *Id.*, p. 4. Plaintiff further alleges his conviction and deportation separated him from his U.S. citizen children, violating his Fourteenth Amendment right to maintain custody and a relationship with his children, as well as his children's First and Fourteenth Amendment rights to maintain a relationship with their father. *Id.*, p. 5. Plaintiff seeks relief in the form of a declaration that Defendants' actions were unconstitutional, compensatory damages for wrongful arrest, deportation, family separation, and emotional distress, and punitive damages to deter future constitutional violations. *Id.*, p. 6.

Plaintiff's claims are subject to dismissal pursuant to § 1915(e) for several reasons. The Court will address each of these deficiencies in turn.

A. Duplicative Litigation

As an initial matter, the Court finds that Plaintiff's claims are the same or similar to those raised in prior and pending actions. Plaintiff has repeatedly brought claims in state and federal court relating to his criminal conviction and his subsequent deportation. His new complaint in the instant case involves a fairly common set of facts and embraces these prior or pending matters.

The docket for Plaintiff's criminal case in the Court of Common Pleas reveals that on November 13, 2024, Plaintiff filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). Plaintiff raised falsified evidence, ineffective assistance of counsel, and family separation claims identical to the claims alleged in the instant case, as well as claims for prosecutorial misconduct and conspiracy.[4] The PCRA court dismissed his petition on January 17,

---

[4] *See* 1:25-cv-00102-SPB, ECF Nos. 4 and 4-1.

2025. *See* ECF 4-1. Plaintiff subsequently filed a civil rights action in this Court, 1:25-cv-00102-SPB, alleging due process violations by the PCRA court, ineffective assistance of PCRA counsel, and a civil rights conspiracy claim.

Plaintiff brought the instant case on January 29, 2025. Approximately two months later, he submitted a habeas petition under 28 U.S.C. § 2254, docketed at 1:25-cv-00090-RAL. That petition raises falsified evidence, ineffective assistance of counsel, and family separation claims identical to those alleged in the instant case, and additionally asserts claims for prosecutorial misconduct, unlawful detention, and a challenge to Plaintiff's deportation.

Moreover, any claims newly raised in the current complaint arise out of a common nucleus of operative facts that could have been brought in the prior litigation in 1:22-cv-00081-SPB.[5] Plaintiff admits as much in his motion to stay the instant case and 1:25-cv-00102-SPB pending resolution of his appeal of 1:22-cv-00081-SPB to the Third Circuit: Plaintiff avers a stay is warranted due to "the direct overlap between these cases and [his] pending appeal." *See* 1:25-cv-00102-SPB, ECF No. 7, p. 1. He further posits that "[t]he decision of the Third Circuit is expected to require the reinstatement of claims that are identical to those in 1:25-cv-20 and 1:25-cv-102." *Id.*, p. 2.

Courts have consistently dismissed duplicative and repetitive lawsuits of this nature as frivolous or malicious. *See Hall v. Nisbet*, 2025 WL 1482984, at *1 (3d Cir. May 23, 2025) (collecting cases); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) ("a complaint is malicious

---

[5] Plaintiff previously filed suit in this Court against Daly and Robert Wenner, former Chief of the Oil City Police Department, alleging they sent a defamatory report to United States Citizenship and Immigration Services that resulted in the denial of Plaintiff's VAWA petition and his separation from his children. *See* 1:22-cv-00081-SPB, ECF No. 7. This Court ultimately dismissed the case with prejudice, finding it was precluded by an earlier, identical action in the Venango County Court of Common Pleas. *See id.*, ECF No. 22. In his opposition to the Defendants' motion to dismiss, Plaintiff argued his claims against Daly should be sustained because Daly "dismissed plaintiff's PA Driver's license" when he arrested him in August 2016, and instead attached to the criminal complaint an expired New York driver's license. *Id.*, ECF No. 21, pp. 2–3. Plaintiff urged that such actions "confirmed the conspiracy" between Daly and Wenner to deprive Plaintiff due process and caused his family separation. *Id.*, p. 3.

where it is abusive of the judicial process and merely repeats pending or previously litigated claims"); *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 589 (W.D. Pa. 2008) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (citation omitted)); *Hakim v. Levinson*, 2010 WL 1705773, at *1 n.1 (D.N.J. Apr. 26, 2010) ("Complaints may be dismissed as frivolous when they seek to relitigate claims alleging substantially the same facts arising from a common series of events which were previously dismissed."). The Court reaches the same conclusion here. Plaintiff may not repeatedly litigate the same claims in the hope of getting a different result.

B. Personal Involvement

It is axiomatic that a § 1983 plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (alterations in original) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an affirmative part in the complained-of misconduct. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" (citations omitted)); *Iqbal*, 556 U.S. at 677 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013) (dismissing claims against certain defendants

because the complaint was "devoid of any facts suggesting that [the defendants] had any personal involvement" in the alleged Eighth Amendment violation).

Plaintiff's claims concerning Defendant Fleeger amount to a single, conclusory, and unspecified allegation that Fleeger failed to disclose exculpatory evidence. The complaint does not elaborate on what actions Fleeger took or what this evidence consisted of. Because such allegations fall well short of the standard for personal involvement, dismissal of Plaintiff's claims against Fleeger is warranted on this basis.

C. *Heck v. Humphrey*

To the extent Plaintiff is challenging the validity of his arrest or conviction, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486–87. In other words, "a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

The state court dismissed Plaintiff's PCRA petition on January 17, 2025, and his § 2254 petition is pending review by the District Court. Thus, there is no evidence that Plaintiff's criminal conviction has been invalidated or reversed. Accordingly, to the extent that Plaintiff's success in the instant case would necessarily imply the invalidity of his conviction or sentence, his claims are barred by *Heck*. *See, e.g., Ortiz v. N.J. State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) ("claims that the defendants fabricated and suppressed evidence are barred by Heck because success on

7

those claims would necessarily imply the invalidity of [plaintiff's] conviction"); *Boldrini v. Ammerman*, 629 F. App'x 172, 175 n.4 (3d Cir. 2015) (finding that even if claims of wrongful arrest, conspiracy, and malicious prosecution were not time-barred, such claims were not cognizable under § 1983 based on *Heck*); *Spuck v. Clearfield County*, 540 F. App'x 73, 74 (3d Cir. 2013) (allegations of prosecutorial misconduct and withholding exculpatory evidence barred by *Heck*).[6]

### D. Statute of Limitations

Finally, to the extent that Plaintiff asserts claims that are not barred by *Heck*, his claims are barred by the statute of limitations. In Pennsylvania, the statute of limitations for § 1983 claims is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). Here, Plaintiff's complaint is dated January 20, 2025. ECF No. 1-1, p. 7. His arrest, plea, and sentencing took place in 2016, and he was deported in 2017. Thus, the two-year limitations period for his § 1983 claims arising out of those events has long since expired. As such, summary dismissal pursuant to § 1915(e) is appropriate. *McPherson*, 392 F. App'x at 943.

## IV. CONCLUSION

*Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678. Considering the many deficiencies identified in this opinion, including *Heck v. Humphrey*, the statute of limitations, and that the instant action embraces other prior and pending actions, the

---

[6] Additionally, Fleeger and Bolton may be protected by absolute immunity. *See Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) ("public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983" (citation omitted)); *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) ("prosecutors are immune from claims arising from their conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence" (internal quotations and citations omitted)).

Court finds that amendment would be futile. *See, e.g.*, *Bressi v. Gembic*, 2018 WL 3596859, at *7 (M.D. Pa. July 2, 2018) (recommending dismissal without leave to amend where claims "clearly and universally lack merit and are legally frivolous"). Accordingly, the Court will dismiss this action with prejudice.

    An appropriate Order follows.